**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| **RONALD D. OFFUTT, JR.,** ) | Civil No. 3:13CV-54 |
| ) | |
| **Plaintiff,** ) | |
| ) | **COMPLAINT AND JURY DEMAND** |
| **v.** ) | |
| ) | |
| **TWIN CITY FIRE INSURANCE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

Plaintiff, Ronald D. Offutt, Jr. ("Ron Offutt"), by and through the undersigned counsel, for his Complaint against Defendant, Twin City Fire Insurance Company ("Twin City") states and alleges as follows:

## THE PARTIES

1.      Ron Offutt is a citizen of North Dakota who resides in Fargo, North Dakota.

2.      Twin City is an Indiana corporation with its principal place of business located at One Hartford Plaza, Hartford, Connecticut, 06155.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that:

a.      This is a civil action is between citizens of different states. Ron Offutt is a citizen and resident of North Dakota. Twin City is a foreign insurance company incorporated under the laws of the State of Indiana with its principal place of business in Connecticut. Accordingly, complete diversity of citizenship exists in this case.

b.      The amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

c.      This Court has personal jurisdiction over Defendant because Twin City is authorized to sell insurance products in North Dakota by the North Dakota Insurance Department.

## ALLEGATIONS COMMON TO ALL CLAIMS

4.      Twin City issued Private Choice Encore!! Policy Number KB 0244312-09 (hereafter "the Policy") to Idahoan Foods, LLC ("Idahoan Foods") as the named insured with effective dates of August 1, 2009 to August 1, 2010. *See Twin City Insurance Policy attached hereto and incorporated by reference as Exhibit 1.*

5.      Idahoan Foods is a limited liability company organized under the laws of Delaware with its principal place of business in Idaho Falls, Idaho.

6.      The Policy contains several coverage parts including Directors, Officers, and Entity Liability, Employment Practices Liability, Fiduciary Liability, Crime, and Kidnap and Ransom/Extortion. *See Exhibit 1.*

7.      Idahoan Foods has paid all premiums as required by the Policy.

### A.      The Underlying Litigation

8.      Ron Offutt and Idahoan Foods are named as defendants in two purported class action lawsuits filed against numerous parties that are currently pending in the United States District Court for the District of Idaho styled, *In Re: Fresh and Process Potatoes Antitrust Litigation*, Case Number 4:10-md-02186-BLW.  Ron Offutt and Idahoan Foods are also named along with numerous other parties in a lawsuit filed in the United States District Court for the

District of Kansas styled, *Associated Wholesale Grocers, Inc. v. United Potato Growers of America, Inc., et al*, Case Number 13:-CV-2182 JAR/DJW.

9.     The plaintiffs in the underlying class action lawsuits are companies and individuals who claim to have either directly or indirectly purchased potatoes from one or more of the defendants. *See Second Amended Complaints filed by the Direct Purchasers and Indirect Purchasers attached hereto and incorporated by reference as Exhibits 2 and 3, respectively.* The Direct and Indirect Purchasers have been divided into putative classes that have not been certified.

10.    The plaintiff in the underlying Kansas action is a grocery wholesaler that purchased potatoes sold by one or more of the defendants. *Original Complaint filed by Associated Wholesale Grocers, Inc., attached hereto and incorporated by reference as Exhibit 4.*

11.    Generally, the plaintiffs in all three suits contend that the underlying defendants - which consist of multiple entities involved in growing or processing potatoes - conspired to reduce the supply of potatoes in order to raise potato prices. The plaintiffs also allege that cooperatives were created for the purpose of increasing the price of potatoes and did so through coordinated supply management and flow control activities. *See Exhibits 2, 3 and 4.*

12.    It has also been alleged that the cooperative members reduced supply and thereby increased prices by various means including reduced plantings, mis-grading of potatoes, shipping holidays, destruction of potatoes, and/or off loading fresh potatoes to alternative markets, specifically the process or dehydrated market. These alleged actions were purportedly done by all defendants as part of a conspiracy and a common scheme in violation of antitrust laws. *See Exhibits 2, 3 and 4.*

### 1.    The Direct Purchasers' Action

13.    In the Direct Purchasers' Second Amended Complaint ("Direct Purchasers' Action"), Idahoan Foods is named a "Non Grower Defendant." *See Exhibit 2 at Pg. 33.*

14.    Ron Offutt is also a named defendant.

15.    In Paragraph 37 of the Direct Purchasers' Action, the plaintiffs' allege that "United II and co-conspirators Ronald Offutt, Jr. and R.D. Offutt Co. dominated and controlled the joint venture company Idahoan Foods, LLC." *See Exhibit 2 at Paragraph 37.*

16.    In Paragraph 154 of the Direct Purchasers' Action, the plaintiffs allege that Idahoan Foods "is a joint venture between Defendants R.D. Offutt, a potato grower and processor, and United II, a co-operative of potato growers.   Idahoan Foods manufactures mashed-potato products and dehydrated potato products." *See Exhibit 2 at Paragraph 154.*

17.    In Paragraph 155 of the Direct Purchasers' Action, the plaintiffs allege that "United II owns approximately 46% of Idahoan Foods, R.D. Offutt, through two subsidiary entities owns approximately 54% of Idahoan Foods." *See Exhibit 2 at Paragraph 155.*

18.    In Paragraph 157 of the Direct Purchasers' Action, the plaintiffs allege that "United II and R.D. Offutt dominated Idahoan through control of the Idahoan Foods board of directors.   The Idahoan Foods board of directors is comprised of United II members and R.D. Offutt executives, including the following:  Albert Wada, Ron Offutt, Keith McGovern, CEO of R.D. Offutt; and Tyler Falk, another R.D. Offutt executive." *See Exhibit 2 at Paragraph 157.*

19.    In Paragraph 162 of the Direct Purchasers' Action, the plaintiffs allege that "Idahoan is operated as an instrumentality of the conspiracy.  Ownership and control of Idahoan provided fresh potato growers with an outlet for disposal of fresh potatoes that otherwise would

have been sent to the fresh potato market.  Growers transferred their potatoes without regard to dehydration market conditions in order to buttress fresh potato prices." *See Exhibit 2 at Paragraph 162.*

20.    In Paragraph 163 of the Direct Purchasers' Action, the plaintiffs allege that "[a]s one of the largest potato dehydrators in the county, Idahoan Foods enables its United II grower-owners to divert potatoes that would otherwise be sold on the fresh market to dehydration plants in order to reduce fresh potatoes and supracompetitively raise prices." *See Exhibit 2 at Paragraph 163.*

21.    Finally, In Paragraph 164 of the Direct Purchasers' Action, the plaintiffs allege that "[a]ll Defendants are collectively referred to herein as 'Defendants.'  Whenever in this Complaint reference is made to any act, deed, or transaction of the Defendants, the allegation means that the Defendants engaged in the act, deed or transaction by or through their officers, directors, agents, employees or representatives while they were actively engaged in the management direction, control or transactions of Defendants' business or affairs." *See Exhibit 2 at Paragraph 164.*

### 2.    The Indirect Purchasers' Action

22.    In the Indirect Purchasers' Second Amended Complaint ("Indirect Purchasers Action") Idahoan Foods is named as a defendant. *See Exhibit 3 at Paragraph 130.*

23.    Ron Offutt is also named as a defendant.

24.    In Paragraph 131 of the Indirect Purchasers' Action, the plaintiffs allege that "Idahoan Foods is a joint venture between Defendants R.D. Offutt Co. a potato grower and processor, and United II Potato Growers of Idaho, Inc. ("United II") a co-operative of potato

growers.  Idahoan Foods manufactures mashed potato products and dehydrated products." *See Exhibit 3 at Paragraph 131.*

25.    In Paragraph 134 of the Indirect Purchasers' Action, the plaintiffs allege that "[t]he explicit and publicly stated purpose of Idahoan Foods joint venture was to assist UPGI in reducing potato supply.  The Idahoan joint venture stabilized cartel prices by providing the grower-owners with an outlet to divert surplus fresh potatoes, which furthered UPGI's supply-restriction efforts.  As one of the largest potato dehydrators in the country, Idahoan Foods enables the United II grower-owners to divert surplus potatoes to a dehydration operation." *See Exhibit 3 at Paragraph 134.*

26.    In Paragraph 160 of the Indirect Purchasers' Action, the plaintiffs allege that "[t]he acts alleged to have been done by the Defendants were performed by their respective officers, directors, agents, employees or representatives while actively engaged in the management, direction, control or transaction, of the Defendants' business affairs." *See Exhibit 3 at Paragraph 160.*

### 3.    The Associated Wholesale Grocers' Action

27.    In the Associated Wholesale Grocers' Original Complaint ("AWG Action") Idahoan Foods is named as a Non-Grower Defendant. *See Exhibit 4 at page 25.*  Idahoan Foods is alleged to have "participated in the supply-restrictions and price-fixing scheme alleged herein." *See Exhibit 4 at Paragraph 131.*

28.    Ron Offutt is also named as a defendant.

29.    In Paragraph 132 of the AWG Action, the plaintiff alleges that "Idahoan Foods is a joint venture between Defendants R.D. Offutt, a potato grower and processor, and United II, a

co-operative of potato growers.   Idahoan Foods manufactures mashed-potato products and dehydrated potato products." *See Exhibit 4 at Paragraph 132.*

30.    In Paragraph 127 of the AWG Action, the plaintiff alleges that "Ron Offutt and R.D. Offutt were aware that UPGI and United II desired to create the dehydration joint venture in order to further manipulate the fresh potato supply.   R.D. Offutt, under Ron Offutt's control, consciously facilitated that potato market manipulation by entering into the joint venture with United II." *See Exhibit 4 at Paragraph 127.*

31.    In Paragraph 129 of the AWG Action, the plaintiff alleges that "R.D. Offutt owns approximately 54% of Idahoan Foods through two of its subsidiary companies." *See Exhibit 4 at Paragraph 129.*

32.    In Paragraph 135 of the AWG Action, the plaintiff alleges that "United II and R.D. Offutt dominated Idahoan [Foods] through control of the Idahoan Foods board of directors. The Idahoan Foods board of directors is comprised of United II members and R.D. Offutt executives, including the following:   Albert Wada; Ron Offutt; Keith McGovern (CEO of R.D. Offutt); and Tyler Falk (another R.D. Offutt executive)." *See Exhibit 4 at Paragraph 135.*

33.    In Paragraph 139 of the AWG Action, the plaintiff alleges that "[t]hrough its United II/R.D. Offutt joint venture, UPGI has devised an admitted means of furthering its supply-reduction and price-fixing efforts through Idahoan [Foods]." *See Exhibit 4 at Paragraph 139.*

34.    In Paragraph 140 of the AWG Action, the plaintiff alleges that "[a]ll Defendants are collectively referred to herein as 'Defendants.'   Whenever in this Complaint reference is made to any act, deed, or transaction of the Defendants, the allegation means that the Defendants engaged in the act, deed or transaction by or through their officers, directors, agents, employees

or representatives while they were actively engaged in the management, direction, control or transaction of the Defendants' business or affairs." *See Exhibit 4 at Paragraph 140.*

35.    In Paragraph 358 of the AWG Action, the plaintiff alleges that "[i]n 2007, UPGI facilitated the formation of a joint venture (Defendant Idahoan Foods) to create the second largest potato dehydrator in the country, as well as a second co-op to supply potatoes to this venture. The stated purpose of this joint venture was to assist UPGI and its co-conspirators in their overall scheme to reduce potato supply." *See Exhibit 4 at Paragraph 358.*

36.    In Paragraph 366 of the AWG Action, the plaintiff alleges that "[t]he partnership between United II and Offutt has therefore facilitated the removal of up to 13% of the growers' fresh potatoes from the fresh potato market." *See Exhibit 4 at Paragraph 366.*

37.    In Paragraph 367 of the AWG Action, the plaintiff alleges "Idahoan Foods has no economic interest in dehydrating high quality potatoes. Idahoan Foods is owned and controlled by potato growers whose greater economic interest is to ensure a higher price for their fresh potatoes by siphoning off excess supply into the dehydration market." *See Exhibit 4 at Paragraph 367.*

### B.    The Twin City Policy

38.    The Policy includes coverage for Directors, Officers, and Entity Liability. *See Exhibit 1.*

39.    The Policy states in relevant part:

**COMMON TERMS AND CONDITIONS**

***

### II.    COMMON DEFINITIONS

***

(K) **"Insured Entity"** means:

8

(1) the Named Entity;

***

**(Q) "Manager"** means any natural person while such person was or is a(n):

(1) duly elected or appointed director, officer, member of the board of managers, or management committee member of an **Insured Entity**;

***

## DIRECTORS, OFFICERS, AND ENTITY LIABILITY COVERAGE PART

### I.   INSURING AGREEMENTS

#### (A)   Insured Person Liability

The Insurer shall pay **Loss** on behalf of the **Insured Persons** resulting from an **Insured Person Claim** first made against the **Insured Person** during the **Policy Period** or Extended Reporting Period, if applicable, for a **Wrongful Act** by the **Insured Persons**, except for **Loss** that an **Insured Entity** pays to or on behalf of the **Insured Persons** as indemnification.

***

### II.   DEFINITIONS

#### (E)   "Insured Person" means any:

**(1) Manager; or**

**(2) Employee.**

***

#### (I)   "Loss" means the amount that the Insureds are legally liable to pay solely as a result of a **Claim** covered by this **Liability Coverage Part**, including **Defense Costs**, compensatory damages, settlement amounts, pre- and post-judgment interest, costs awarded pursuant to judgments, and, regarding Insuring Agreement (D), **Investigation Costs**.

***

#### (M)   "Wrongful Act" means any actual or alleged:

(1) error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed by an **Insured Person** in their capacity as such or in their

9

**Outside Capacity**, or, with regard to Insuring Agreement (C) an **Insured Entity**; or

(2) matter claimed against an **Insured Person**, solely by reason of their serving in such capacity, including service in an **Outside Capacity**.

\*\*\*

40.     The "Named Entity" in the Policy is Idahoan Foods, LLC.

41.     Ron Offutt is the Chairman of Idahoan Foods, and therefore, a "Manager" and "Insured Person" under the Policy.

## COUNT I - DECLARATORY JUDGMENT

42.     Offutt re-alleges Paragraphs 1 through 41 of this Complaint as if fully set forth herein.

43.     Ron Offutt has timely provided notice and sought coverage under the Policy from Twin City for both the Direct and Indirect Purchasers' Actions.

44.     In the Direct and Indirect Purchasers Actions and the AWG Action it has been alleged that Idahoan Foods was acting through its officers, directors, agents, employees or representatives while actively engaged in the management, direction, control or transaction of its business affairs.

45.     The allegations in the Direct and Indirect Purchasers' Actions and the AWG Action trigger coverage for Ron Offutt as Chairman of Idahoan Foods under the Policy as the allegations set forth "alleged error, ... act, omission, neglect, or breach of duty committed by an **Insured Person** in (his) capacity as such" and a "matter claimed against an **Insured Person**, solely by reason of (his) serving in such capacity."

10

46.     Despite said allegations triggering coverage for Ron Offutt, Twin City has refused to provide a defense or indemnification for Ron Offutt for the Direct and Indirect Purchasers' Actions and the AWG Action.

47.     A justiciable controversy exists between Ron Offutt and Twin City.

48.     Ron Offutt is entitled to a declaration that the Policy obligates Twin City to provide a defense and indemnification to Ron Offutt for any potential liability that may result from the Direct and Indirect Purchasers' Actions and the AWG Action pursuant to applicable law including 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Idaho Stat. § 10-201, and N.D.C.C. § 32-23-01.

49.     Ron Offutt is entitled to his reasonable costs and attorney's fees in this action pursuant to applicable law, including 28 U.S.C. §§ 2201, 2202; Idaho Stat. §§10-201, 10-1208, 10-210; and N.D.C.C. §§ 32-23-01, 32-23-08.

## COUNT II - BREACH OF CONTRACT

50.     Ron Offutt incorporates and re-alleges the allegations contained in Paragraphs 1-49 of this Complaint as if fully set forth herein.

51.     By not defending or providing indemnity to Ron Offutt for the Direct and Indirect Purchasers' Actions and the AWG Action, Twin City has breached its duties and obligations under the Policy.

52.     As a direct and proximate result of Twin City's breach, Ron Offutt has suffered damages and has been deprived of the benefit of defense costs and indemnity coverage. Ron Offutt's damages include, but are not limited to, defense costs, pre-judgment interest, and attorneys' fees and expenses incurred by counsel in this action.

WHEREFORE, Plaintiff, Ronald D. Offutt, Jr. respectfully requests that this Court enter judgment in his favor and against Defendant, Twin City Fire Insurance Company for the following relief:

a. A declaratory judgment that Plaintiff Ronald D. Offutt, Jr. is entitled to coverage, including defense and indemnification, from Twin City Fire Insurance Company for the Direct and Indirect Purchasers Actions and the AWG Action;

b. Damages in an amount sufficient to compensate for the breach of contract by Twin City Fire Insurance Company in an amount to be proven at trial;

c. Pre-judgment interest;

d. Attorney's Fees and costs of this suit; and

e. Such other and further relief as this Court may deem just and proper under the circumstances.

**PLAINTIFF RONALD D. OFFUTT, JR. HEREBY DEMANDS A TRIAL BY THE**

**LARGEST NUMBER OF JURORS PERMITTED BY LAW.**

Dated this 22 day of July, 2013.

Shannon M. Gregor (ND ID # 05811)
Mark R. Hanson (ND ID # 04697)
NILLES LAW FIRM
1800 Radisson Tower
201 North 5th Street
P. O. Box 2626
Fargo, North Dakota 58108-2626
Phone: (701) 237-5544
   Fax: (701) 280-0762
sgregor@nilleslaw.com
mhanson@nilleslaw.com
ATTORNEYS FOR PLAINTIFF